MICHAEL E. McFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAWN DOBBINS,

Plaintiff,

vs.

WAFLA, a Washington Corporation;
and DAN FAZIO and JANE DOE
FAZIO, husband and wife and the
marital community comprised thereof,

Defendants.

Case No.
Thurston County Superior Court
Cause No. 17-2-03315-34

CERTIFICATE OF MICHAEL E.
McFARLAND, JR.

I, Michael E. McFarland, Jr., certify under penalty of perjury under the laws

of the United States and the State of Washington that the following is true and

correct to the best of my knowledge:

I am the attorney of record for Defendants in the above-entitled matter and

am competent to testify to the facts set forth herein:

Attached as **Exhibit A** is a true and correct copy of the Summons and the

Complaint of which were filed on or about June 9, 2017. Defendants were served

with the Summons and Complaint on June 13, 2017.

CERTIFICATE OF MICHAEL E. MCFARLAND, JR. - page 1

Attached as **Exhibit B** is a true and correct copy of the June 12, 2017 Notice of Assignment and Notice of Trial Scheduling Date.

Attached as **Exhibit C** is a true and correct copy of the Notice of Appearance filed by Michael McFarland on behalf of Defendants.

DATED this 26th day of June, 2017.

EVANS, CRAVEN & LACKIE, P.S.

By:   /s/ Michael E. McFarland
      MICHAEL E. McFARLAND, JR., #23000
      Attorneys for Defendants
      Evans, Craven & Lackie, P.S.
      818 W. Riverside Ave., Suite 250
      Spokane, WA 99201
      509-455-5200
      509-455-3632 facsimile
      mmcfarland@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Counsel for Plaintiffs**
Isaac Ruiz
Ian Birk
Keller Rohrback, LLP
1201 Third Ave., Suite 3200
Seattle, WA 98101
iruiz@kellerrohrback.com
ibirk@kellerrohrback.com


EVANS, CRAVEN & LACKIE, P.S.



By:    /s/ Michael E. McFarland
MICHAEL E. McFARLAND, JR., #23000
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201
509-455-5200
509-455-3632 facsimile
mmcfarland@ecl-law.com

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# EXHIBIT A

SUPERIOR COURT OF WASHINGTON IN AND FOR THURSTON COUNTY

DAWN DOBBINS,

                        Plaintiff,

    v.

WAFLA, a Washington Corporation; and DAN
FAZIO and J. DOE FAZIO, husband and wife
and the marital community comprised thereof;

                        Defendants.

No. 17-2-03315-34

SUMMONS

THE STATE OF WASHINGTON, TO:

    **WAFLA, DAN FAZIO, and J. DOE FAZIO, DEFENDANTS**

    TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled court by plaintiff(s), DAWN DOBBINS. Plaintiff(s)' claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff(s) is/are entitled to what has been asked for because you have not responded. If you serve a notice of

SUMMONS - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  appearance on the undersigned person, you are entitled to notice before a default judgment may

2  be entered.

3      You may demand that the plaintiff(s) file this lawsuit with the court. If you do so, the

4  demand must be in writing and must be served upon the person signing this summons. Within

5

6  14 days after you serve the demand, the plaintiff(s) must file this lawsuit with the court, or the

7  service on you of this summons and complaint will be void.

8      If you wish to seek the advice of any attorney in this matter, you should do so promptly

9  so that your written response, if any, may be served on time.

10     THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

11  State of Washington.

12     DATED this 9th day of June, 2017.

13

14                          KELLER ROHRBACK L.L.P.

15

16                   By:  _Isaac Ruiz_____

17                          Isaac Ruiz, WSBA #35237
                            Ian S. Birk, WSBA #31431
18                          Attorneys for Plaintiff Dawn Dobbins

19

20

21

22

23

24

25

26

SUMMONS - 2

SUPERIOR COURT OF WASHINGTON IN AND FOR THURSTON COUNTY

DAWN DOBBINS,

                                Plaintiff,

    v.

WAFLA, a Washington Corporation; and DAN
FAZIO and J. DOE FAZIO, husband and wife
and the marital community comprised thereof;

                                Defendants.

No. 17-2-03315-34

COMPLAINT FOR MONEY DAMAGES

## I. PARTIES

1.1.    Plaintiff Dawn Dobbins resides in Thurston County, Washington, and is an employee of defendant Washington Farm Labor Association (WAFLA).

1.2.    Defendant WAFLA is a Washington corporation and is the employer of Dobbins. WAFLA's principal place of business is in Thurston County, Washington, but WAFLA conducts business throughout Washington and particularly in places with substantial agricultural industries.

1.3.    Defendant Dan Fazio resides in Thurston County, Washington, and is the Executive Director and Chief Executive Officer of WAFLA. Defendants Fazio and J. Doe Fazio

COMPLAINT FOR MONEY DAMAGES - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(whose true name is presently unknown) were spouses and formed a marital community at all materials times. The acts and omissions of Fazio were done on behalf of the marital community.

## II. JURISDICTION AND VENUE

2.1.   This Court has subject matter jurisdiction pursuant to Washington constitution art. IV § 6 and RCW 2.08.010.

2.2.   Venue is proper in this Court pursuant to RCW 4.12.025.

2.3.   All conditions precedent to the commencement of this action have been performed or have occurred.

## III. FACTUAL ALLEGATIONS

3.1.   Dobbins is an employee of WAFLA.

3.2.   Her initial position was as an Administrative Assistant.

3.3.   Unbeknownst to Dobbins when she began her employment, Fazio has a long history of unlawful, inappropriate, and discriminatory behavior.

3.4.   Fazio's unlawful, inappropriate, and discriminatory behavior is especially egregious considering that WAFLA provides human resources services to agricultural employers and that Fazio holds himself out as an expert on the subject of employment practices.

3.5.   Fazio has a pattern and practice of treating female employees with contempt and ridicule. He routinely raises his voice toward women in the presence of other employees. Fazio does not treat men this way.

3.6.   Fazio told Dobbins that he did not want to "share" her with others, that he wanted Dobbins all to himself, that WAFLA was his company, and that he was the "boss." Fazio conveyed to Dobbins that he was in the position of power at WAFLA, that it was

COMPLAINT FOR MONEY DAMAGES - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  important to keep him happy, and conversely that it would be unwise to disappoint him or make

2  him angry.

3      3.7.   Examples of Fazio's discriminatory behavior toward women and racial

4  minorities include, without limitation:

6      a.   In the presence of other employees, Fazio entered a woman employee's cubicle
           and screamed profanities at her. Witnessing this event caused Dobbins to fear
7          that Fazio would physically assault that employee.

8      b.   Fazio introduced an Asian Account Executive to a customer as follows: "He will
           take care of you. He's Asian. He's smart."

9
10     c.   During preparations for a training, when the subject of refreshments was
           discussed, Fazio said, "Mexicans drink Coke. That's why they're all fat and have
11         diabetes!"

12     d.   When asked for help on a project, Fazio said, "Wait, who's skin is darker? That's
           the one who should be doing all the work." Fazio laughed at his own racist
13         remark, following it up with a sarcastic, "I have a good heart."

14     e.   Fazio makes remarks about the physical appearance of women employees that he
           does not direct toward men. He told a woman employee that her bangs made her
15         look fat. Fazio also told the woman, "You would be pretty if you lost weight."
16         And he told her she should wear cosmetics to the office.

17     f.   During a staff meeting, Fazio talked about how he was from New York and then
           listed off the racial epithets that were used to refer to various minority groups.
18         More than 15 persons were present, including members of minority groups.

19     g.   Further examples are set forth below.

20
21     3.8.   In October 2016, Fazio promoted Dobbins to serve as Human Resources &

22  Office Manager. Dobbins became a target for Fazio's outrageous, discriminatory and

23  stereotyping behavior.

24     a.   Fazio would meet with Dobbins behind closed doors and sit next to Dobbins
           instead of sitting across each other at a table. Fazio caused his legs to touch hers
25         in a sexual and inappropriate manner. Dobbins felt pressured to tolerate this
           behavior. When she would pull away, Fazio would slouch in his seat so his legs
26

COMPLAINT FOR MONEY DAMAGES - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

could reach and do it again. Fazio intentionally did this in a manner that concealed his actions from others.

b. Fazio repeatedly stared at Dobbins's breasts in a sexual manner instead of looking her in the eyes.

c. Fazio told Dobbins that he wanted another woman employee to quit because he did not like her. Fazio told Dobbins he did not like that this employee acted awkward after Fazio yelled at her. Fazio pressured Dobbins to sign a negative review for the employee in her capacity as Human Resources & Office Manager.

d. Dobbins was scared to call an end to Fazio's behavior because she knew Fazio's propensity to become angry and retaliate against employees. Nonetheless, Dobbins objected to Fazio's sexist and racist behavior. For example, Dobbins corrected Fazio in one instance to get him to stop making fun of an employee's accent. Fazio yelled at Dobbins, "You are so fucking stupid!" And, "I should beat you with a stupid stick!"

e. In retaliation for standing up to Fazio, defendants removed Dobbins from her position as the Human Resources & Office Manager—together with its opportunities for advancement—and reassigned her to the lowest, entry-level position in the company: Account Executive.

3.9.   The demotion occurred despite Dobbins having received excellent informal reviews of her job performance before then. Defendants knew Dobbins did not want to be an Account Executive. Dobbins was not hired to serve as an Account Executive, and she had not applied for that position. Defendants intended for Dobbins to quit WAFLA. Dobbins filed a formal complaint pursuant to company procedures on or about January 12, 2017. On January 20, 2017, Dobbins was informed that the complaint would not be investigated for another two months.

3.10.   Because of having made the complaint, Dobbins was subjected to humiliation in the workplace, which was condoned and encouraged by defendants. When an employee cracked a joke, for example, the manager would loudly remark so Dobbins could hear: "Careful, or *someone* might complain." Fazio told another woman, "I would hug you but *someone* might

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

construe that as sexual harassment!" And, "Here, let's rub legs!" This was intended as a reference to Dobbins.

3.11.   The manager complained to employees at a meeting: "All I do is go to meetings, meetings about complaints, and then meetings where people complain about those complaints." The manager went on about how she has "had it with passive aggressive employees and their complaints."

3.12.   These statements, and others like them, were intended to humiliate Dobbins and discourage others from standing up to defendants' illegal behavior.

3.13.   George Zanatta, the Chief Operating Officer of WAFLA, delivered defendants' "findings" relating to Dobbins' complaint months after the complaint was made. Although the findings admitted that "some" of Fazio's behaviors were inexcusable, they also attempted to discredit Dobbins and appallingly called upon Dobbins to apologize to Fazio for allegedly inaccurate statements.

3.14.   The findings recommended that Dobbins be re-assigned within the company and that she be given alleged "[a]ppropriate corrective measures"—apparently a threat of discipline against Dobbins for the complaints she made. The findings did not recommend any discipline for Fazio except for a requirement that he apologize to Dobbins. Fazio remains CEO and Executive Director.

3.15.   During her entire time at WAFLA, Dobbins never received a formal evaluation

3.16.   Dobbins suffered adverse employment consequences in retaliation for her complaints.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3.17.   Defendants' findings did not appear to consider prior instances of misconduct by Fazio that are known to defendants, such as the events underlying the *Mendoza v. WAFLA* litigation.

3.18.   In *Mendoza*, Fazio repeatedly and routinely engaged in behaviors that were offensive and demeaning to a reasonable woman, Mexican-American, and person of Mexican-American ancestry. These behaviors included, without limitation:

    a.   Engaging in angry outbursts toward minor issues with resort to the "F"-word, the "N"-word, and other instances of profanity.

    b.   When Fazio learned that Mendoza was moving residences, he offered the speculation that Mendoza was moving in with some "n-----, since Tacoma is full of them."

    c.   When Fazio learned that Mendoza was dating a man from Kenya, he went on a rampage about "n-----s," described the way Fazio and "his friends" used to describe "n-----s" when they were growing up in New York, and explained that their terminology had something to do with "eggplant, because this is how n-----s' heads are shaped." This and other rampages were directed toward Mendoza and occurred in the presence of co-workers. They were intended to, and did, subject Mendoza to humiliation, anxiety, fear, embarrassment, and ridicule.

    d.   Fazio stated that, when he was growing up in New York, "n-----s" used to fight with his "white crew."

    e.   Fazio often spoke of his time in the Navy with reference to liberties taken with women and particularly non-Caucasian women. Fazio offered that, upon returning from deployment, he "banged" "bitches" from his High School that he had not previously had the opportunity to "bang." These references were intended to, and did, degrade Mendoza and women in general, promoting the discriminatory view that women are sexual objects.

    f.   Also with reference to his time in the Navy, Fazio offered that "bitches" in Hawaii and Japan—presumably a reference to non-Caucasian women—can "blow ping pong balls out of their vaginas."

    g.   Also with reference to his time in the Navy, Fazio offered a story from "when he was the Navy" and he and his "buddies" "crossed the border" and got drunk and danced all night with underaged "señoritas"—another

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

reference to sexually taking advantage of non-Caucasian women while in the Navy

h. Fazio routinely expressed disappointment with women who did not fit the stereotype of women as sexual objects that he favors. He referred to another woman in the Lacey office as being "fat," and explained that he could "get away" with paying her less money because "women who are fat have low self-esteem and therefore are not capable of knowing how much money they are worth in the workforce."

i. Similarly, in anticipation of a trip to Eastern Washington to visit potential H-2A clients, Fazio told Mendoza to "make sure and wear your 4-inch heels" while implying that it would ensure success in retaining new clients—an overt allusion to Mendoza as a prostitute, again consistent with Fazio's stereotype of women as sexual objects.

j. On another occasion, Fazio adopted the same allusion to Mendoza as a prostitute when angrily telling her that "instead of sitting behind a desk" she should be "putting [her] 4-inch heels to use by being out in the field and driving up membership numbers."

k. When Fazio wished to denigrate and belittle Mendoza he would throw objects at her feet, forcing her to pick them up off the floor. This was intended to, and did, promote the discriminatory stereotype that women are less important than men.

l. Following complaint by Mendoza about Fazio's behavior to the board, a "swear jar" was created in the office in which Fazio was to place a dollar for every "swear" word. However, Fazio belittled both the "swear jar" and Mendoza's complaints about his behavior by treating it and Mendoza as a joke, such as by placing five dollars in the jar as an "advance" upon behavior he intended to engage in.

m. On an occasion on which Mendoza appropriately asked Fazio about housing foreign workers from Mexico in the H-2A visa program, Fazio instructed Mendoza to divide up the workers "by however many Mexicans we can slam in one room." When Mendoza responded that the hotel allowed only four guests per room, Fazio responded, "Bull shit. Pile them up on top of one another, I'm sure you can fit 20 of them."

n. On another occasion, when discussing transportation arrangements for foreign workers from Mexico, Fazio said to Mendoza: "Figure it out. Where one Mexican fits 10 more can squeeze in, isn't that how you guys roll?" This was intended to, and did, ridicule Mendoza for being Mexican-American and degrade Mexican-Americans in general.

COMPLAINT FOR MONEY DAMAGES - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

b.  Defendants responded to one of Mendoza's ongoing complaints about Fazio's discriminatory behavior and determined to "distance" Mendoza and Fazio from their "relationship." Defendants carried out this decision by placing Mendoza, a Mexican-American woman, on administrative leave, taking away her employer-provided keys, car, and telephone, requiring her to turn-in all employer property, and advising her that one outcome of the forthcoming "investigation" could be the termination of her employment. In contrast, Anderson carried out the decision to "distance" Mendoza and Fazio with respect to Fazio, a Caucasian man, by taking no action and instead tasking Fazio with the ultimate responsibility of terminating Mendoza's employment.

3.19.  The preceding facts have been known to defendants for years. WAFLA nonetheless continues to tolerate illegal, discriminatory behavior from Fazio.

3.20.  Dobbins lived with fear of losing her job, and income, because she knew that employees who have objected to Fazio's discriminatory conduct in the past have been weeded out of the organization. Defendants created, and tolerated, an intolerable working environment for Dobbins, with the intention that Dobbins would find conditions intolerable and voluntarily quit. The working conditions created by defendants were, in fact, intolerable. She Dobbins suffered severe anxiety, which has aggravated Dobbins's medical condition and led her to experience panic attacks. Dobbins has been prescribed anti-anxiety medication as a result of Fazio's discriminatory conduct.

3.21.  WAFLA and Fazio created a discriminatory and hostile workplace for Dobbins based on the fact that she is a woman and in retaliation for her complaints of discrimination.

3.22.  Dobbins filed a charge with the Equal Employment Opportunity Commission and received her right-to-sue letter.

3.23.  On May 31, 2017, defendants terminated Dobbins's employment without warning. The termination was unlawful state and federal law. Defendants presented Dobbins

COMPLAINT FOR MONEY DAMAGES - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  with a separation agreement that would have required Dobbins to waive her legal rights with

2  respect to defendants' unlawful conduct. Dobbins refuses to sign the agreement.

3      3.24.   This action is timely.

4                        **IV. CAUSES OF ACTION**

5                           Claim No. 1

6  Violation of Washington Law Against Discrimination (WLAD), Chapter 49.60 RCW

7      4.1.   Dobbins re-alleges the preceding paragraphs.

8      4.2.   Defendants' conduct constitutes violation of the WLAD.

9      4.3.   Dobbins has suffered harm as a proximate result of defendants' conduct.

10

11                           Claim No. 2
                              Title VII

12      4.4.   Dobbins re-alleges the previous paragraphs.

13      4.5.   Title VII prohibits employers from discriminating against an employee on the

14  basis of sex and retaliation.

15

16      4.6.   Defendants discriminated against Dobbins because of her sex and in retaliation

17  for her complaints of sex discrimination in violation of Title VII.

18      4.7.   Dobbins has suffered harm as a proximate result of defendants' conduct.

19                           Claim No. 3
                              Negligence

20

21      4.8.   Dobbins re-alleges the preceding paragraphs.

22      4.9.   Defendants' conduct constitutes negligence in employment practices, the failure

23  to carry out reasonable investigation of complaints of discrimination, the failure to remedy

24  ongoing discrimination, and the failure to protect Dobbins from the threatened and actual

25  retaliation against her for resisting defendants' unlawful practices.

26

    4.10.   Dobbins has suffered harm as a proximate result of defendants' conduct.

COMPLAINT FOR MONEY DAMAGES - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### Claim No. 4
### Negligent Infliction of Emotional Distress

4.11.   Dobbins re-alleges the previous paragraphs.

4.12.   Defendants negligently subjected the plaintiff to conduct that was extreme and outrageous, thereby causing severe emotional distress.

4.13.   Dobbins has suffered harm as a proximate result of defendants' conduct.

### Claim No. 5
### Negligent Hiring, Training, Managing, and Supervision

4.14.   Dobbins re-alleges the previous paragraphs.

4.15.   Defendants were negligent in hiring, training, managing and supervising their employees and managers. Defendants knew or should have known of the actions of their employees and their reputation for such actions, including their reputations for engaging in sex discrimination and other unlawful conduct.

4.16.   Dobbins has suffered harm as a proximate result of defendants' conduct.

### Claim No. 6
### Civil Conspiracy

4.17.   Dobbins re-alleges the preceding paragraphs.

4.18.   The conduct of defendants constitutes a civil conspiracy among Fazio and WAFLA to accomplish unlawful purposes of, without limitation, discrimination, retaliation, and attempted constructive discharge, through unlawful means of, without limitation, misrepresentations of fact, and maintaining the unlawful practices of discrimination, retaliation, and attempted constructive discharge.

4.19.   Dobbins has suffered harm as a proximate result of defendants' conduct.

### Claim No. 7
### Unlawful Termination

COMPLAINT FOR MONEY DAMAGES - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.20.   Dobbins re-alleges the preceding paragraphs.

4.21.   Defendants unlawfully terminated Dobbins.

4.22.   Dobbins has suffered harm as a proximate result of defendants' conduct.

## V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

A.  Damages in an amount to be proven at trial;

B.  Equitable relief, consisting of an award sufficient to make Dobbins whole for the damage, harms, and expense she has suffered because of defendants' unlawful and unequitable conduct, including without limitation all forms of pay compensatory damages, back pay, front pay, attorney fees, and other appropriate relief.

C.  Punitive and exemplary damages as allowed by law;

D.  Prejudgment and post-judgment interest;

E.  Plaintiff's costs and attorneys' fees under the WLAD, Title VII, equity, or as otherwise provided by law; and

F.  Such other and further relief as the Court deems just and equitable.

DATED this 9th day of June, 2017.

KELLER ROHRBACK L.L.P.

By _Isaac Ruiz_

Isaac Ruiz, WSBA #35237
Ian S. Birk, WSBA #31431
Attorneys for Plaintiff Dawn Dobbins

COMPLAINT FOR MONEY DAMAGES - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT B

FILED

JUN 1 2 2017

Superior Court
Linda Myhre Enlow
Thurston County Clerk

SUPERIOR COURT OF WASHINGTON FOR
THURSTON COUNTY

_____
                              Plaintiff/Petitioner,

VS.

_____
                              Defendant/Respondent.

NO.    17-2-03315-34

NOTICE OF ASSIGNMENT and   (NTAS)
NOTICE OF TRIAL SCHEDULING DATE

TO:    THURSTON COUNTY CLERK
       ATTORNEYS/LITIGANTS

       PLEASE TAKE NOTICE:

1. This case is assigned to:              **The Honorable Chris Lanese**

2. The trial scheduling date for this case is:    **October 13, 2017.**

> **Do not come to court on the trial scheduling date.**    Do not call or e-mail the court.
> Instead, file a scheduling questionnaire and serve it on the other parties. The questionnaire is
> attached to this notice. Review Local Court Rule 40 for more information about scheduling.

3. **Plaintiff/Petitioner:** You must serve both this notice and a <u>blank</u> scheduling questionnaire
by 5 p.m. on  September 29, 2017.       If there is no proof of service, the court will not
issue a case schedule order. Your deadline for filing and serving a <u>completed</u>
scheduling questionnaire is  October 06, 2017       at 5 p.m.

4. **All Other Parties:** You must file and serve a completed trial setting questionnaire by
       October 11, 2017       at noon. Joint submissions by both parties are also accepted on
this date.

5. Failure to timely submit a scheduling questionnaire shall not be grounds to delay issuing a
case schedule order, and it shall not be grounds to continue the trial unless good cause is
demonstrated.

6. The court will not issue a case schedule order unless the case is ready to be scheduled.
"Readiness" for scheduling is explained in Local Court Rule 40, which is available on the
court's web site and law libraries.

7. Parties can obtain an earlier trial scheduling date by filing and serving a notice of issue form.

       Dated this    12th day of June, 2017.

                                        Thurston County Superior Court
                                        2000 Lakeridge Drive SW, Building Two
                                        Olympia, Washington  98502
                                        (360) 786-5430

NOTICE OF ASSIGNMENT and
NOTICE OF SCHEDULING CONFERENCE

# EXHIBIT C

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF THURSTON

9   DAWN DOBBINS,

10
                              Plaintiff,
11                                                    Case No.   17-2-03315-34
12        vs.
                                                      NOTICE OF APPEARANCE
13   WAFLA, a Washington Corporation; and
     DAN FAZIO and JANE DOE FAZIO,
14   husband and wife and the marital community
15   comprised thereof,

16
                              Defendants.
17

18   TO:   The above-named Plaintiffs, and Isaac Ruiz and Ian Birk of Keller Rohrback, LLP, your
           attorneys of record; and
19   TO:   The Clerk of the Court

20
21        COME NOW Defendants, WAFLA and DAN FAZIO and JANE DOE FAZIO and

22   herewith enter their appearance in the above-entitled action through Michael E. McFarland, Jr.

23   of Evans, Craven & Lackie, P.S., attorneys of record, and requests that all further pleadings

24
     herein, exclusive of process, be served upon said attorneys at their office address stated below.
25

26                              Michael E. McFarland, Jr.
                                Markus W. Louvier
27                              Evans, Craven & Lackie, P.S.
28                              818 W. Riverside, Suite 250
                                Spokane, WA 99201
29

30   NOTICE OF APPEARANCE - page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1    509-455-5200/Fax: 509-455-3632

2    These Defendants hereby specifically reserve all defenses as to lack of jurisdiction,

3    improper venue, insufficiency of process or any other defenses available to these Defendants.

4    DATED this 16ᵗʰ day of June, 2017.

5

6    EVANS, CRAVEN & LACKIE, P.S.

7

8

9    By:

10   MICHAEL E. McFARLAND, JR., #23000
     Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29
     NOTICE OF APPEARANCE - page 2

30

## CERTIFICATE OF SERVICE

1

2    Pursuant to RCW 9A.72.085, the undersigned hereby certifies under penalty of perjury

3   under the laws of the state of Washington, that on the 16 day of June, 2017, the foregoing was

4   delivered to the following persons in manner indicated:

5

6

7   *Counsel for Plaintiffs*

8   Isaac Ruiz                           Via Regular Mail        [X]

    Ian Birk                             Via Certified Mail      [ ]

9   Keller Rohrback, LLP                 Via Overnight Mail      [ ]

10  1201 Third Ave., Suite 3200          Via Facsimile           [X]

    Seattle, WA 98101                    Hand Delivered          [ ]

11

12

13

14

15                                       Kimberley L. Mauss

16

17

18

19

20

21

22

23

24

25

26

27

28

29  NOTICE OF APPEARANCE - page 3                    *Evans, Craven & Lackie, P.S.*

30                                                   818 W. Riverside, Suite 250

                                                     Spokane, WA 99201-0910

                                                     (509) 455-5200; fax (509) 455-3632